IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| RAJINDER SINGH NAGI, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CASE NO. 4:11-CV-167 CDL-MSH |
| | : | 28 U.S.C. § 2241 |
| MICHAEL SWINTON, ERIC HOLDER | : | |
| FELICIA SKINNER, and JANET | : | |
| NAPOLITANO, | : | |
| | : | |
| Respondents. | : | |

_____

## RECOMMENDATION OF DISMISSAL

Presently pending before the Court is Respondents' motion to dismiss, filed on December 28, 2011. (ECF No. 12.) In his application for habeas relief pursuant to 28 U.S.C. § 2241, Petitioner was challenging the legality of his continued detention by the Immigration and Customs Enforcement agency. (Pet. for Writ of Habeas Corpus 2-4, ECF No. 1.) Along with the motion to dismiss, Respondents filed an Order of Supervision (ECF No. 15-1) showing that Petitioner was released on supervised release on November 4, 2011, pending his removal to his native country of India. Because of Petitioner's release, Respondents now contend that Petitioner's pending § 2241 petition is moot and should be dismissed as such. (Mot. to Dismiss 2.) The Court agrees and recommends dismissal of this case as moot.

"[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335-

36 (11th Cir. 2001) (internal quotation marks and citation omitted).  "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed."  *Id.* at 1336.  Where a habeas petitioner who was protesting his detention is no longer in custody, the dispute with regard to his detention is mooted.  *See Spencer v. Kemna,* 523 U.S. 1, 7-8 (1998) (discussing "in custody" requirement of habeas statute 28 U.S.C. § 2254).

Here, Petitioner sought an order granting him a writ of habeas corpus and releasing him under an order of supervision.  (Pet. for Writ of Habeas Corpus 4.) Petitioner has been released from the physical custody of ICE.  Furthermore, Petitioner is not contesting the conditions of his supervised release such that this Court could maintain jurisdiction over his habeas petition.  *See Alvarez v. Holder*, Nos. 10-13907, 10-14056, 2011 WL 6187122 (11th Cir. Dec. 14, 2011).  Since the Court can no longer give the Petitioner any meaningful relief, the case is moot and "dismissal is required because mootness is jurisdictional."  *Al Najjar*, 273 F.3d at 1336.

WHEREFORE, IT IS RECOMMENDED that Respondents' Motion to Dismiss (ECF No. 12) be GRANTED and Petitioner's Application for writ of habeas corpus be DISMISSED without prejudicing his right to file a new § 2241 petition in the future if a change in his circumstances occurs.  Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner may serve and file written objections to this recommendation with the United States District Judge within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this 30th day of May, 2012.

S/Stephen Hyles<br>
UNITED STATES MAGISTRATE JUDGE